## VIBURT *a.* FROST.

*New York Superior Court; Special Term, June,* 1856.

### APPOINTMENT OF RECEIVER.—JURISDICTION.—GROUNDS OF DEMURRER.

A judgment debtor who appears pursuant to an order for his examination, and without objection submits to an examination, and omits to appeal from a subsequent order appointing a receiver, waives objection to the jurisdiction of the judge to take the examination and make the appointment.

In an action by the receiver of a judgment debtor, the defendant cannot, under a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, avail himself of the objection that the appointment of the plaintiff appears by the complaint to be invalid.

That objection can only be raised upon a demurrer specifying as its ground, that the plaintiff has not the legal capacity to sue.

Demurrer to a complaint.

This action was brought by Dayton J. Viburt, appointed in former supplementary proceedings receiver of the effects of Henry K. Frost, against Henry K. Frost himself, and William J. Frost. The object of the action was to procure a certain assignment of property, made by Henry to William, to be set aside as fraudulent. The defendants demurred to the complaint, stating as the only ground therefor, that the complaint did not state facts sufficient to constitute a cause of action.

Duer, J.—The only ground of demurrer put forward by the demurrer itself, in this cause, is that the complaint does not state facts sufficient to constitute a cause of action. The principal ground upon which it is sought upon the argument to sustain the demurrer, is that the complaint shows upon its face that the judge who made the order for the appointment of the plaintiff as receiver had no jurisdiction, inasmuch as the original order for the appearance of the defendant Henry K. Frost for examination as a judgment debtor, which order is set forth in the complaint, was made returnable before " one of the justices of the court," and not before the judge making the appointment.

This ground is untenable, and the demurrer must be overruled. The objection to the jurisdiction of the judge by whom the debtor was examined and the order appointing the receiver was made, ought to have been taken when the debtor appeared before him for examination. It was an objection which it was competent to the debtor to waive, and by his submitting to examination and failing to appeal from the order appointing the receiver, it was effectually waived. If the original order for the debtor's appearance was a nullity he was not bound to appear, nor was he bound, when he appeared, to submit to an

examination. His appearance and submission to examination must therefore be regarded, if the order for his appearance was null, as voluntary acts. And it cannot reasonably be doubted that a valid order for the appointment of a receiver may be founded upon a voluntary appearance and examination of a judgment debtor. It is only when a judge or court has no jurisdiction of the subject matter of the proceeding on which an order is made, or of the action in which a judgment is rendered, that the order or judgment is wholly void for want of jurisdiction. It is to such cases only that the maxim "Consent cannot give jurisdiction," applies. In all other cases the objection to the exercise of jurisdiction may be waived, and it is waived whenever it is not urged in proper season,—that is, when the exercise of the jurisdiction is first claimed. (*Carthew*, 124 ; *Cro. Eliz.*, 582; 1 *Strange*, 177 : 3 *Sand. S. C. R.*, 605). Here the general authority of the judge to make the order appointing a receiver,—in other words, his jurisdiction over the subject matter of the order,— was unquestionable.

Even if, however, the objection to the jurisdiction were tenable, it could not be taken under the present demurrer, specifying as its only ground that the complaint does not state facts sufficient to constitute a cause of action. The ground which ought to have been specified to enable the court to listen to the objection relied upon, is that the plaintiff *has not a legal capacity to sue.* (*Code*, § 144, *subd.* 2). The facts set forth in the complaint are plainly sufficient to constitute a cause of action; for if they were true the assignment impeached was certainly void; nor has this been denied. The objection is not that the action is not maintainable at all, but that the plaintiff, personally, has not the right to maintain it.

Demurrer overruled with liberty to defendants to answer in twenty days, upon payment of costs.