### ISAAC ADLER v. TURNBULL & COMPANY.

1. Discovery in aid of an execution by a proceeding in a court of law is a special statutory proceeding, not in the course of the common law. The jurisdiction of the court is the creation of the statute. The powers of the judge in exercising that jurisdiction are such, and such only, as are conferred by the statute, and the procedure must be in conformity with that prescribed by the statute.

2. Section 6 of the District Court act, as amended by the act of 1889 (*Pamph. L.,* p. 56), requires the appointment of a receiver upon proceedings for discovery in these courts, to be made upon an examination, certified by a commissioner. By the examination so certified, · no property was disclosed over and above property reserved to the defendant as a married man having a family residing in this state. *Held—*

   1. That an *ex parte* affidavit of the plaintiff's attorney, if it could be regarded as evidence at all, was a nullity.

   2. That an order convicting the defendant for contempt for refusing to deliver such property to a receiver appointed upon such affidavit, will be set aside upon appeal to this court, pursuant to the provisions of the act of April 17th, 1884. *Rev. Sup.,* p. 814. It is not a mere irregularity, available to the defendant only on *certiorari.*

3. The only authority and jurisdiction conferred on the judges of the District Court to punish as for contempt, disobedience of orders in proceedings for discovery, is that contained in the act of March 25th, 1885. *Rev. Sup.*, p. 264, § 227. By that act the judge of the District Court was empowered to enforce proceedings as for contempt in case a person subpœnaed as a witness or served with an order made on the petition for discovery should neglect or refuse to obey such subpœna or order, or to give testimony, or to answer questions, or to produce books, papers or documents, as required. The act affords no warrant for proceedings to fine and imprison as a punishment for disobedience of any order except those mentioned in the act.

On appeal from the First District Court of Newark, in matter of a conviction for contempt.

Argued at June Term, 1894, before Justice DEPUE.

For the appellant, *Abner Kalisch* and *Samuel Kalisch*.

*Contra, Frank E. Bradner.*

The opinion of the court was delivered by

, DEPUE, J. The plaintiffs, Turnbull & Company, recovered a judgment in the First District Court of the city of Newark against Adler, the defendant, for $154.69. Execution having been issued and returned unsatisfied, the judge of said court, on the 29th of March, 1893, made an order that Adler appear before a Supreme Court commissioner and make discovery on oath concerning his property and things in action, pursuant to section 6 of the District Court act of March 27th, 1882 (*Rev. Sup.*, *p.* 262), as amended by the act of 1889 (*Pamph. L.*, *p.* 56).

The defendant appeared before the commissioner and was examined under oath " respecting certain articles of jewelry then upon the person of the defendant," consisting of a diamond pin, a pair of cuff-buttons and a gold watch and chain. The value of these articles, as appears by the defendant's examination, was less than $200. The defendant was a married man, having a family residing in this state.

Upon the examination of the defendant before the commissioner, and an *ex parte* affidavit made by the plaintiffs'

attorney, setting out that "the exact value of the said articles [of jewelry] is unknown to deponent, but is certainly more than four hundred dollars," the judge made an order appointing a receiver and ordering the defendant to convey and deliver to such receiver all such property and rights in action, &c., according to the form of the statute, &c.

The receiver having exhibited to the defendant the order of the court and demanded from him the said property, and the defendant having refused to deliver the same, the judge, after a hearing on a rule to show cause, adjudged that the defendant was guilty of contempt, and ordered that he be imprisoned in the county jail for ten days and be fined the sum of $25, to be paid for the use of the city, and that he stand committed for the said term of ten days and until the fine and costs of proceedings had in this matter be fully paid.

From this conviction and the judgment thereon the defendant appealed to this court, pursuant to the provisions of the act of April 17th, 1884. *Rev. Sup., p.* 814. The act under which this appeal was taken invests this court with jurisdiction to rehear the matter of contempt, both upon the law and the facts, and to give such judgment in the premises as shall to it seem to be lawful and just under all the circumstances of the case.

Discovery in aid of an execution by a proceeding in a court of law is a special statutory proceeding, not in the course of the common law. The jurisdiction of the court is the creation of the statute. The powers of the judge in exercising that jurisdiction are such, and such only, as are conferred by the statute, and the procedure must be in conformity with that prescribed by the statute.

Section 6 of the District Court act, as amended by the act of 1889, provides "that each of the judges of the several district courts of this state shall have the same powers, jurisdiction and authority, upon petition for discovery in aid of execution, upon the return of any execution unsatisfied, in whole or part, into any of said district courts, to order the judgment debtor to appear before the court, or one of the

supreme court commissioners of this state, and make discovery, on oath, concerning his property or things in action, before said judge or commissioner, and to make order forbidding the payment of debts or transfer of moneys or property due or belonging to said debtor, to said debtor or any third person; and upon the taking of the testimony by said judge, or the certification by the commissioner of the testimony taken by him under the order, to appoint a receiver of the property and things in action belonging or due to, or held in trust for, such debtor at the time of issuing the execution, or at any time afterward, as is now vested in or exercised by any of the judges of the inferior courts of common pleas of this state; and such receiver, when appointed, shall have like power, authorities and duties as receivers appointed under similar proceedings by any of said judges of the inferior courts of common pleas." *Pamph. L., p.* 56.

The powers, jurisdiction and authority conferred by this section upon the judges of the district courts to make an order for discovery and for the appointment of a receiver, are such as are vested in the judges of the Court of Common Pleas. The authority of a judge of the last-named court to order discovery and appoint a receiver is conferred by sections 24, 26 and 27 of the act respecting executions. *Rev., pp.* 393, 394. The main jurisdictional fact necessary to justify an order for examination is, property to a prescribed amount over and above such property, as is or may be reserved to the debtor by law. *Id.,* § 24. If, upon the certification of the examination by the commissioner, no such property shall be discovered, the petition for discovery should be dismissed. *Id.,* § 27. By the express terms of these statutory provisions no receiver should be appointed unless it appears, by the examination certified by the commissioner, that the debtor has property to the specified amount, over and above property reserved to a debtor by law. Where the examination does not disclose property of the debtor which may be compulsorily appropriated to the payment of his debts, the appointment of a receiver is not warranted by the statute, and

the petition should be dismissed. *Colton* v. *Bigelow*, 12 *Vroom* 266, 268; *Hardenburgh* v. *Blair*, 3 *Stew. Eq.* 645, 655.

By the examination certified by the commissioner no property was disclosed over and above property reserved to the defendant as a married man having a family residing in this state. The *ex parte* affidavit of the plaintiff's attorney, if it could be regarded as evidence at all, was a nullity. The statute requires the appointment of the receiver to be made upon the examination certified by the commissioner. Upon the testimony certified by the commissioner, a receiver should not have been appointed—the petition should have been dismissed. The contention of the counsel of the plaintiffs is that this imperfection in this proceeding is a mere irregularity, available to the defendant only on *certiorari*. If the question had arisen in a suit by the receiver to recover property, there would have been great force in this contention. But the judge of the District Court did not leave the receiver to recover the property by suit. By the conviction for contempt and the order made thereon, the endeavor was to coerce the debtor to surrender to his creditors property which could not lawfully be taken from the debtor and applied to the payment of his debts. And by the act under which this appeal was taken, this court is invested with jurisdiction, and is required to rehear the matter of contempt upon which the conviction was founded, both upon the law and the facts, and to give such judgment in the premises as to this court shall seem to be lawful and just under all the circumstances of the case. The judgment this court is required to pronounce on this appeal is such a judgment as this court would consider lawful and just, under the same circumstances. If it be lawful to coerce a debtor, under penalty of fine and imprisonment, to relinquish to his creditors property reserved by law to him as a debtor having a family residing in this state, the injustice of such a procedure is conspicuous. We think the order under review, under the circumstances presented by the papers before us, was neither lawful nor just.

Another reason assigned for setting aside this order, is that

the judge of the District Court had no power to enforce his order by proceedings by way of contempt.

The power of a judge of the Court of Common Pleas to punish for contempt is given by section 28 of the act respecting executions, and is expressed in the most general terms, extending to the power to punish a party as for contempt, for the disobedience of any order made by him in the course of the proceedings. *Rev., p.* 394. The sixth section of the District Court act, as it originally stood and as amended by the act of 1889, simply conferred upon the judges of the District Court the powers, jurisdiction and authority vested in the judges of the Court of Common Pleas, with respect to making orders for discovery for the appearance of the judgment debtor before the court or a commissioner, and make discovery on oath for enjoining the payment of debts or transfer of property and the appointment of a receiver, together with the powers of a receiver when appointed. The power possessed by a judge of the Court of Common Pleas, under the execution act, to punish as for contempt, disobedience of his orders was, in the preceding legislation, withheld from the judges of the District Court. The only authority and jurisdiction conferred on the judges of the District Court in that respect is that contained in the act of March 25th, 1885. *Rev. Sup., p.* 264, § 227. By that act the judge of the District Court was empowered to enforce obedience by proceedings as for contempt, in case a person subpœnaed as a witness or served with an order made on the petition for discovery should neglect or refuse to obey such subpœna or order, or to give testimony, or to answer questions, or to produce books, papers or documents as required. This act goes no farther. It affords no warrant for proceedings by putting in force the extraordinary power to fine and imprison as a punishment for disobedience of any order except those mentioned in the act.

For either of the reasons assigned, the conviction and order should be set aside, with costs.