ISAAC E. DEAN, as President of the ONTARIO IMPROVEMENT AND GAS COMPANY (LIMITED), Appellant, *v.* WILLIAM H. GILBERT and Others, Respondents.

*Corporation — suing in the name of its president — amendment striking out of the title the name of the president and leaving that of the corporation — Code of Civil Procedure, §§ 723, 1919.*

Where a cause of action existing in favor of a corporation is sued upon in the name of its president, the court has power to amend the summons and complaint by striking from the title of the action the name of the president, leaving the name of the corporation to stand as that of the plaintiff in the action.

LEWIS, J., dissenting.

APPEAL by the plaintiff, Isaac E. Dean, as President of the Ontario Improvement and Gas Company (Limited), from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Chautauqua on the 6th day of May, 1895, denying the plaintiff's motion to amend the complaint by striking from the title the words "Isaac E. Dean, as President of," so that the name of the plaintiff would appear as "the Ontario Improvement and Gas Company (Limited)."

*Walter L. Sessions,* for the appellant.

*Bootey, Fowler & Weeks,* for the respondents.

BRADLEY, J.:

By the complaint it is alleged that the plaintiff is an association, organized under the laws of the State of New York, doing business, etc. The Ontario Improvement and Gas Company, Limited, is a corporation, and as such it is the party in favor of which the alleged right of action exists. The motion to amend the complaint was denied, upon the ground of want of power to grant it. And in support of the order are cited *Davis* v. *The Mayor, etc.* (14 N. Y. 506); *Bassett* v. *Fish* (75 id. 303); *The N. Y. S. M. P. Assn.* v. *Remington Agricultural Works* (89 id. 22).

The view here taken is that the rule applied in those cases does not necessarily require the disposition made of the motion in the present case. In the *Davis* case the party plaintiff, introduced by the amendment, was entirely distinct from, and had no apparent relation to, the original plaintiffs. And that case was determined by the court upon another ground, which was that the resolution or ordinance of the common council of the city, upon which the alleged cause of action was founded, was void.

In the *Bassett* case the amendment to the complaint, which was improperly allowed, substituted the name of a corporation for the names of individuals who were originally the parties defendant, and the reason there given for the conclusion that the amendment could not be sustained, was that the court had no "jurisdiction of the person of the corporation. It has not been brought into court." And the same may be said of the *N. Y. S. Milk P. Assn.* case.

There the purpose of the amendment sought and denied was to strike out the name of the defendant, a corporation, and insert the names of individuals as defendants.

In the present case the action is apparently brought for the benefit of the Ontario Improvement and Gas Company, Limited, which is described as an association organized pursuant to the statute. It seems to have been erroneously described in the complaint as an association, as it is a corporation. The allowance of the amendment sought could be treated as a correction of the name of the plaintiff, rather than the substitution of an entirely distinct and different party from that named and referred to in the allegations of the complaint. Besides the purpose of the amendment is not to make any change in the defendants. It is simply to continue the action against them in the name of the plaintiff corporation as a party beneficially interested, and in the complaint described as an association. There seems to be no apparent reason why it is not in the power of the court to permit such an amendment. (Code Civ. Proc. § 723; *Risley* v. *Wightman,* 13 Hun, 163; *Tighe* v. *Pope,* 16 id. 180; *Matter of Soule,* 46 id. 661; *Heckemann* v. *Young,* 18 Abb. N. C. 196.)

In *Evoy* v. *The Expressmen's Aid Society* (51 N. Y. St. Repr. 38; 21 N. Y. Supp. 641) the court in this judicial department held that an amendment to the summons and complaint was properly allowed which permitted the names of the persons constituting a voluntary association to be substituted for the original defendant, a supposed corporation. The court there remarked that the action appeared to have been brought against the right body of persons, but under the wrong name. It is true that the order in that case directed service upon the persons substituted as defendants by the amendment. But this did not qualify the rule of amendability applied by the court in that case.

In the one at bar the amendment sought relates to the plaintiff. The defendants remain the same. It is not seen that they could be surprised to their prejudice by the allowance of an amendment which treats the party apparently beneficially interested as plaintiff in the action as a corporation rather than as an association organized pursuant to the statute. And, therefore, it was within the power of the court to grant the amendment. The order appealed from

should be reversed and plaintiff's motion granted on payment to the defendants of ten dollars costs, and without costs of this appeal to either party.

WARD and ADAMS, JJ., concurred.

LEWIS, J. (dissenting):

This action was brought by Isaac E. Dean as president of the Ontario Improvement and Gas Company, Limited.

It is alleged in the complaint that the plaintiff is an association organized under the laws of the State of New York, and that Isaac E. Dean is its president, and brings this action as such, for the benefit of said plaintiff association.

The action was upon an account for goods sold to the defendants, as co-partners. The defendants, by their answer, denied the sale and delivery of the goods to them by the plaintiff, and further denied that the plaintiff was an association organized under the laws of the State of New York; and alleged that the plaintiff had not legal capacity to sue or maintain an action as president of the Ontario Improvement and Gas Company, Limited, for the benefit of said company, for the reason that said company was not an unincorporated association consisting of seven or more persons. It appearing upon the trial of the action that the Ontario Improvement and Gas Company, Limited, was not an unincorporated association, but that it was a corporation incorporated under the laws of the State of New York, the trial court held that the plaintiff could not maintain the action. By permission of the court, the plaintiff withdrew a juror, and thereupon applied to the Special Term for an order substituting in the place and stead of the plaintiff a corporation by the name of "the Ontario Improvement and Gas Company, Limited." The motion was denied, and the plaintiff appealed.

While a joint stock company or association and a corporation may have some attributes alike, there is an inherent difference between them. The former is an association of individuals who have united their interests in a joint business. Usually, as a matter of convenience, a name is chosen under which to carry on the business. Such associations, in their main features, are simply partnerships. The individual rights and liabilities of the members or associates are neither lost nor merged in the associations. Certain rights and

privileges have been conferred upon such associations by statute, and obligations have been in like manner imposed upon them. When composed of seven or more persons, actions in their behalf may be maintained in the name of the president or treasurer. (Code Civ. Proc. § 1919.)

Actions by corporations are maintained in their corporate names, and not in the names of their presidents or treasurers. The identity of the stockholders is merged in the corporation.

There does not seem to be any more propriety in substituting a corporation in the place of the plaintiff than there would be in substituting one corporation for another.

Had this been a case of misnomer of the plaintiff simply, there would have been no difficulty in the way of the court granting the plaintiff's application. That is what was held in the case of *Bank of Havana* v. *Magee* (20 N. Y. 355). There the cause of action belonged to Charles Cook, a private banker; the action was commenced in the name of the Bank of Havana; that was the name Mr. Cook had assumed under which to carry on his banking business. It was held that an order permitting the substitution of Mr. Cook's real name in place of the assumed business name was properly allowed. Had it appeared that the "Bank of Havana" was a corporation and owned the claim, and the action had been brought in the name of Charles Cook, a different question would have been presented. It has been frequently held that the addition of the word "executor" or "administrator" to the name of the plaintiff was immaterial, the addition being merely a description of the person. The question of the right of the plaintiff to maintain the action was properly raised by the defendants' answer. The cases of *Davis* v. *The Mayor, etc.* (14 N. Y. 506–526), and *Bassett* v. *Fish et al.* (75 id. 303), are authorities sustaining the Special Term order.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Order reversed and motion granted on payment to the defendants of ten dollars costs, and without costs of this appeal to either party.