### KAPLAN v. NEW YORK BISCUIT CO.

(Supreme Court, Appellate Division, First Department. May 1, 1896.)

MASTER AND SERVANT—DEFECTIVE APPLIANCES—EVIDENCE.

The question whether the machine by which plaintiff was injured was defective at the time of the accident was properly submitted to the jury, where there was evidence that it made a clicking noise before the accident, which plaintiff noticed, and to which he called the attention of the foreman; that the noise would not have been made if the machine had been in proper condition; and that it made certain movements that it should not have made if it had been in good order.

Appeal from circuit court, New York county.

Action by Simon Kaplan, an infant, by Michael Kaplan, guardian, against the New York Biscuit Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

The action was brought to recover damages for personal injuries to Simon Kaplan, an infant, alleged to have been caused by the negligence of defendant. As originally commenced, the title to the action showed that the guardian was plaintiff, instead of showing that the infant, by his guardian, was such plaintiff. Upon the trial the court permitted the summons and com-

plaint to be amended so as to put the title in proper form. This amendment was objected to by the defendant, and an exception was taken to the allowance of the amendment. At the time of the accident the defendant was engaged in the business of cracker and biscuit baker, and the infant plaintiff was in the defendant's employ as a press worker; running a machine known as a "Bliss Press," the function of which was to shape the edges of sheets of tin to be used in the manufacture of tin boxes. While engaged in operating this machine the infant plaintiff had the ends of the four fingers of his, left hand cut off. The infant was 19 years of age, and was not experienced as a machinist, or in operating such a machine. The power was applied to the machine by steam. The manner of operating the machine was, in brief, as follows: The operator stood in front of the machine. With his right hand he placed the sheet of tin upon the lower die. He then pressed down the treadle with his foot, and the machinery made one revolution; forcing the upper die down upon the lower die, and returning it to the place from which it started. The sheet of tin was then removed with the left hand, and another sheet of tin was inserted, and the operation repeated. If the machine was in proper condition, the upper die would only move down and back when the foot was pressed upon the treadle. When once returned to its place, it would not move again until the foot was pressed upon the treadle a second time. It was alleged by the plaintiff that at the time of the accident the machine was not in proper condition, and, instead of remaining in position after the foot was removed from the treadle, the upper die continued to move up and down, and as a consequence the plaintiff's fingers were caught between the two dies, in attempting to remove the sheet of tin that had been operated upon, and the injuries were thus caused. The defendant claimed that the machine was in proper condition, and that the accident was the result of a failure on the part of the plaintiff to operate the machine properly. There was conflicting evidence in the case as to the condition of the machine before and at the time of the accident, as to the inspection and examination of the machine by defendant's foreman, and as to the operation of the machine by plaintiff. The defendant at the close of the plaintiff's evidence, and again at the close of all the evidence, moved for a dismissal of the complaint, and for the direction of a verdict in favor of the defendant, upon the ground that there was not sufficient evidence of negligence on the part of the defendant to make out a cause of action. This motion was denied, and the defendant excepted. The case was submitted to the jury, and a verdict was rendered for $5,000 damages. From the judgment entered upon such verdict, and from the order denying a motion for a new trial upon the minutes, this appeal is taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Hamilton Wallis, for appellant.
David Leventritt, for respondent.

WILLIAMS, J. We think the court had power to allow the amendment to the summons and complaint. The allegations in the complaint clearly indicated the nature of the plaintiff's cause of action,—that it was sought to recover damages for personal injuries,— and there was, and could be, no surprise to the defendant. It was clearly a mistake on the part of the attorney for the plaintiff in preparing the summons and complaint. The power to make such an amendment was recognized by the court of appeals in Spooner v. Railroad Co., 115 N. Y. 22, 21 N. E. 696, where precisely the same error had occurred in the title to the action. In that case, as here, the question was not raised either by answer or demurrer. On the trial a motion was made at the close of the plaintiff's case to dismiss the complaint upon the ground that the action was not brought

in the name of the real party in interest. The motion was denied, and there was an exception. The court by Finch, J., said:

"If it [the objection] was apparent upon the face of the complaint, it could have been reached by demurrer, for there would have been a defect of parties. Otherwise it is new matter to be pleaded in the answer, and, if not so pleaded, no such issue is raised, and no such question can be tried. Smith v. Hall, 67 N. Y. 50. The objection was one which, if taken in proper season, could have been obviated by a very simple and purely formal amendment, and, when not taken either by demurrer or answer, must be deemed to have been waived, and may be disregarded. The difficulty was one rather of form, than substance. * * * The complaint stated a cause of action in favor of the infant; avowing a wrong done to her, and damages suffered by her, and so indicating that she was the real plaintiff, appearing by her guardian ad litem. The defendant was not misled. The answer correctly interpreted the meaning of the complaint, in spite of the informality of the title; for the defense was rested upon a denial of the negligence alleged, and an assertion of contributory negligence on the part of the infant. The formal defect in the title was therefore properly disregarded when raised at the close of the plaintiff's case, and the trial court was justified in construing the complaint as setting out a cause of action in the name and behalf of the infant, appearing by her guardian."

No question appears to have been raised in this case as to the question of contributory negligence.

The real question involved is as to the alleged negligence of the defendant. The plaintiff alleged in his complaint, among other things, that the accident and his injuries resulted from the negligence of the defendant in setting him to work with a machine which was out of repair, and which could not be used with safety by any one. The learned trial judge charged the jury, among other things: "If you find that there was a defect in this machine; that ordinary care in examining and inspecting it would have enabled the master to ascertain that defect, and he did not ascertain it, and did not put it in a condition in which he should have put it, if he had used ordinary care,—why then he would be liable," etc., if the failure to do that was what caused the accident to happen, etc. The issue as to defendant's negligence was thus fairly made and submitted, and the only question is whether there was sufficient evidence upon this issue to support the verdict of the jury. We think there was evidence upon which the jury might well find that the machine was in a defective condition before, and at the time of, the accident. There was a conflict, it is true; but there was evidence tending to show that there was a clicking noise in the machine before the accident, which the plaintiff noticed, and to which he called the attention of the foreman. There was evidence tending to show that this noise would not have been made by the machine if it had been in proper condition, that it indicated the clutch in the machine was out of order, and that if the clutch was out of order the die would continue to move up and down when the foot was not pressed upon the treadle. Upon this evidence, if credited by the jury, they might well find that the machine was not in proper condition before the accident occurred, and that the defective condition was such as would cause the machine to operate in the very way the plaintiff claims it did when he was injured, and so to cause the injury sustained by him. There was evidence upon which the jury might well

find that the foreman was notified before the accident of the clicking noise. ' Indeed, this was hardly denied. It was then the duty of the foreman representing the defendant to examine and inspect the machine, and remedy the defect if it existed. In the absence of notice of any defective condition, it might be said that the defendant would not have been chargeable with notice thereof under the circumstances; but when the attention of the foreman was called to the fact that this noise was made, which indicated that the clutch was out of order,—was not working smoothly,—he was certainly under obligations to make some examination and inspection of the machine, to determine if it was in a defective condition, and, if so, to repair it. There was evidence upon which the jury might well find that the foreman, when his attention was called to the clicking noise, made no examination and inspection of the machine, beyond looking at it casually, and that then he told the plaintiff it was all right, and to go on with his work. This certainly was not the exercise of such care, by way of inspection and examination of the machine, as the law required at the hands of the defendant, or the foreman who represented it. Then there was clearly evidence upon which the jury were justified, if they credited the account given by the plaintiff of the accident, in finding that the accident and injuries suffered by the plaintiff resulted from the defective condition of the machine, and the negligence of the defendant in furnishing and putting the plaintiff to work upon a machine which was not reasonably safe and suitable for his use; that he had notice of its defective condition, and failed to make such inspection and examination of it as would have discovered the real defect, and failed to remedy such defect. This was sufficient to charge the defendant with liability to the plaintiff for the damages resulting to him from the accident, and his injuries. Accidents occurring under very similar circumstances in the operating of machines of the same kind have been the subject of other actions in the courts, and verdicts therein for the plaintiff have been sustained upon appeal, where substantially the same questions as to the defendant's negligence have arisen as are involved in this action. Van Sickle v. Ilsley, 75 Hun, 537, 27 N. Y. Supp. 1113; Id., affirmed in the court of appeals April 17, 1896, but not yet officially reported, 43 N. E. 990; Fox v. Le Comte (Sup.) 37 N. Y. Supp. 316.

We think there was no error in the submission of the case to the jury, and that the judgment should be affirmed, with costs. All concur.