SIMON KAPLAN, an Infant, by Guardian, etc., Respondent, *v.* THE NEW YORK BISCUIT COMPANY, Appellant.

APPEAL — ACTIONS FOR PERSONAL INJURIES — CODE CIV. PROC. § 191 — PROOF OF UNANIMOUS DECISION. The burden of showing that a judgment of affirmance in an action for a personal injury was by a unanimous decision of the Appellate Division rests upon the party asserting it, in order to deprive the Court of Appeals of power to review, under section 191 of the Code of Civil Procedure; and recourse cannot be had to the opinion, but the fact should be established either by the judgment or by a certificate of the court appearing in the record.

Reported below, 5 App. Div. 60.

(Argued November 30, 1896; decided December 8, 1896.)

MOTION to dismiss an appeal.

*David Leventritt* for motion.

*Hamilton Wallis* opposed.

HAIGHT, J. This action was brought to recover damages for a personal injury. The trial resulted in a verdict for the plaintiff, which has been affirmed by the Appellate Division. This court has no power to review, if the judgment of affirmance was unanimous. (Code Civ. Proc. § 191.) The judgment entered does not state that the decision was unanimous and that fact does not appear of record. The respondent's affidavit read upon this motion, as we understand it, is based upon information derived from the opinion of the court reported in 5 App. Div. 60, in which it appears that all the judges concurred. It, however, appears from the affidavits presented on the part of the appellant that the respondent moved in the Appellate Division for an order correcting the judgment entered, so as to state that the decision of that court was unanimous, and that the motion was denied by the court, from which we are asked to infer that the decision was not unanimous.

The fact is peculiarly within the knowledge of the judges of the Appellate Division, and we think that we ought not to

be compelled to determine it from conflicting affidavits, infer-
ences or presumptions, but that it should be disposed of by
the judgment or by a certificate of the court appearing in the
record.   The opinion written in a case may furnish informa-
tion upon which a party may found a belief as to the fact, but
it is not conclusive and this court will not rely upon it for the
purpose of determining facts which do not appear of record.
(*Rosenstein* v. *Fox*, 150 N. Y. 354.)   The judgment is
reviewable in this court unless the affirmance was by the
unanimous decision of the judges composing the Appellate
Division.   The burden of showing that it was rests upon the
party asserting it.   This, like other facts, should appear from
the record.

The motion should be denied, but, under the circumstances,
without costs and with the privilege to renew in case the
record should be changed.

All concur.

Motion denied.