The plaintiff occupied a public station, to which none but men of the strictest integrity ought to aspire. In order that he might fill the same with advantage to his constituents and credit to himself, it was of the utmost importance that his character should remain unimpeached. The language for which the jury have found the defendant responsible was susceptible of but one construction by all who read it. It not only charged the plaintiff with the violation of a public duty, but, impliedly at least, with the commission of a grave and henious crime. This language was published in various parts of the state, and it was doubtless read by thousands of people As a necessary consequence, wherever the charge was published, the plaintiff's name was associated with the odium which very properly attaches to the commission of the crime of bribery; and the injury to his reputation which resulted must have proven well-nigh irreparable. We do not think that the evidence, as a whole, will warrant the conclusion that the defendant was guilty of express malice in making the statement he did to Graham, but it will permit the inference that such statement was made carelessly and recklessly; and if the jury took that view of it, as they undoubtedly did, they were furnished sufficient justification for awarding punitive as well as compensatory damages. Holmes v. Jones, 121 N. Y. 461, 24 N. E. 701; Warner v. Publishing Co., 132 N. Y. 181, 30 N. E. 393; Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409; Karwowski v. Pitass, 20 App. Div. 118, 46 N. Y. Supp. 691. We find nothing in the record before us which seems to require a reversal of the judgment and order appealed from, and we conclude, therefore, that they should be affirmed.

Judgment and order affirmed, with costs.

HARDIN, P. J., and GREEN, J., concur. FOLLETT, J., dissents. WARD, J., not voting.

---

(22 Misc. Rep. 248.)

### HULBERT et al. v. HOHMAN.

(Supreme Court, Special Term, Onondaga County. January, 1898.)

AMENDMENT TO SUMMONS AND COMPLAINT—POWER OF COURT TO GRANT.
    When, through inadvertence, the summons and complaint in an action are entitled in the name of the plaintiff company, instead of the receiver thereof, it is within the power of the court to grant an amendment thereto making the receiver plaintiff therein, instead of the company.

Action by Hulbert Bros. & Co. against John T. Hohman. Motion to amend summons and complaint. Granted.

Motion to amend summons and complaint herein by making Frederick P. Forster, as receiver of Hulbert Bros. & Co., instead of said Hulbert Bros. & Co., plaintiff.

Irving G. Hubbs, for the motion.
J. R. Shea, opposed.

HISCOCK, J. It seems that at the time this action was commenced the above-named Forster had been appointed receiver of Hulbert Bros. & Co., and therefore the cause of action was vested in him.

Through inadvertence, the summons and complaint were entitled in the name of the company, as plaintiff, and this application is now made to change the name of the plaintiff accordingly. I think it is within the power of the court to grant the application, and that the amendment should be allowed. Code Civ. Proc. § 723; Heckemann v. Young, 18 Abb. N. C. 196; Kaplan v. Biscuit Co., 5 App. Div. 60, 38 N. Y. Supp. 1049. As was suggested in Dean v. Gilbert, 92 Hun, 427, 36 N. Y. Supp. 1004, the amendment may be regarded almost as a correction of the name of the plaintiff, rather than the substitution of an entirely distinct and different party from that named and referred to in the allegations of the complaint. The suggestion made in opposition to the motion, that it does not sufficiently appear that the receiver is a party to this application, or represented therein by plaintiff's counsel, is answered by the fact, among others, that part of the moving papers are the proposed amended summons and complaint, duly verified by Mr. Hubbs, as attorney for the receiver, and in which he specifically states that he is such attorney. The motion is therefore granted, with $10 costs, to abide event.

Motion granted, with $10 costs, to abide event.