FREDERICK F. GUILD, receiver,

v.

MICHAEL MEYER et al.

[Filed April 19th, 1900.]

1. It is provided by statute that any judge of the court out of which an execution issues may order discovery before himself or a designated supreme court commissioner, and when taken by a commissioner the examination shall be certified by the judge making the order, who may appoint a receiver, subject to the orders of said court.—*Held*, that where one judge ordered discovery and another appointed a receiver, such appointment was invalid since the same judge must do both.

2. The validity of an order appointing a receiver in supplementary proceedings may be attacked in a proceeding by such receiver to perfect title to the judgment debtor's choses in action.

3. Where the validity of the appointment of a receiver in supplementary proceedings was attacked in a suit by him to perfect title to the debtor's choses in action, and subsequently the receiver was re-appointed properly, such re-appointment could not be set up by a supplementary bill, since the receiver's right to sue was fixed at the time of filing the original bill.

On bill, &c.

*Mr. Robert H. McCarter*, for the complainant.

*Mr. Samuel Kalisch*, for the defendant Metzger.

EMERY, V. C.

This is a bill by a receiver appointed under supplementary proceedings against the judgment debtor Meyer, and at the hearing a preliminary objection was made that the complainant had no title to the choses in action of the judgment debtor, for the reason that his appointment as receiver was void. The objection raised is that the order for discovery was made by Judge Child, as judge of the Essex circuit court, on petition made or addressed to him as such judge, and that after the examination of the debtor and witnesses under the order before

a supreme court commissioner, the order appointing complainant receiver was made by Mr. Justice Depue as associate justice of the supreme court, holding the Essex circuit court, the order reciting that the evidence had been certified to him. The statute (*Gen. Stat. p. 1423 § 41*) provides

"that it shall be lawful for any judge of the court out of which execution issues to make the order for discovery before such judge or a supreme court commissioner, to be designated in the said order,"

and (*Gen. Stat. p. 1419 § 26*) that when taken by a commissioner the examination "shall be certified to the judge making the order," and after considering the evidence, &c., "it shall be lawful for the said judge to make order appointing receiver," &c. The receiver after appointment is, by this section, "subject to the authority and orders of the said court from time to time," and is to report to the court.

The explicit language of these sections and the language of the other sections, distinguishing between the judge and the court of which he is a member, as well as the whole scope of the acts, forbids the construction that the words "judge" and "court" are interchangeable, and it must be held that under the terms of the act only the judge who made the order for discovery has the power to consider the evidence and appoint a receiver. The question raised is whether the validity of the order of appointing can be collaterally attacked. The case of *Westfall* v. *Dunning, 21 Vr. 459 (Supreme Court, 1888)*, in my judgment, settles this question in the affirmative. In that case, an order for the appearance of the debtor was disobeyed, and, on motion for attachment, the supreme court went behind the order, examined the original petition and held this defective because of an insufficient affidavit to the petition. The judge, in dealing with the procedure, was held (*Chief-Justice Beasley, at p. 461*) to be exercising "a special statutory power, and the proceeding was of a summary character, and therefore, by force of a rule that has long been established in this state, his cognizance over the subject must appear on the face of the papers. The foundation of his jurisdiction is the petition of the creditor duly verified, and

in this instance there was no such petition, all authority in the premises was wanting."

The general object of the statute is the transfer by law of the choses in action of the judgment debtor to satisfy his debts, and the method of legal transfer adopted is an order of appointment by a judge designated for that purpose. The order is to be made as the result of a judicial decision upon evidence given upon examination of the debtor and others, and the order for discovery is the process by which the evidence is secured on which is based the order for a receiver, which, by the statute, effects the legal transfer. This being a legal and involuntary transfer of the debtor's property by an order in special proceedings, it can only be effected against an adverse claimant of the property by the officer specially designated to make the order of appointment—*i. e.*, the judge who made the order for discovery and before whom all proceedings up to the order of appointment are to be taken. The jurisdiction exercised by the judge under the original application, while special and statutory, is nevertheless purely judicial, and no doubt the debtor may, by his conduct in the judicial proceedings, waive objections to the regularity of the proceedings under the order for discovery, so that the final order for appointment by the judge and the transfer of title will not be affected by these irregularities. But, as against an adverse claimant, such waiver or conduct of the debtor cannot cure the infirmity of an appointment, or effect a transfer by law of the debtor's property, where the order of the appointment relied on as effecting the transfer by law is made by a judge, who, *quoad hoc*, has not been invested with the statutory authority to effect the transfer. *Viburt* v. *Frost*, *3 Abb. Pr. 119, 120; S. C.* (cited as *Hobart* v. *Frost*), *5 Duer 672*, a decision under a similar statute, which is strongly relied on by the complainant's counsel as sustaining the appointment, extends only to an irregularity in the taking of the examination which was held to be waived by the debtor's voluntary appearance for examination. In the opinion of Mr. Justice Depue, in *Adler* v. *Turnbull & Company*, *28 Vr. 62 (Supreme Court, 1894)*, a suggestion is made by the learned justice (at *p.*

*66*) that where a question of irregularity in the proceedings arises in a suit by a receiver to recover property, there is great force in the contention that the imperfection is a mere irregularity, available only to the defendant in the proceedings on *certiorari*. The defect alleged in the case was the failure of the evidence to disclose property for which a receiver could be appointed. This question involved a judicial decision as to the effect of evidence, and the decision was regularly reviewable only by *certiorari* in direct proceedings under the act (§ *29 p. 1420*), and the right to review this decision by the supreme court on collateral proceedings, was expressly based on the special statute giving them jurisdiction on attachment for contempt to review the entire proceedings both on the law and facts, and give judgment on the whole case.

I conclude that the order of appointment made by Mr. Justice Depue was void, and as against an adverse claimant did not have the effect of vesting a statutory title to the judgment debtor's choses in action or property in the complainant, and that a person so claiming title adversely to the debtor and not a party to the proceedings, is entitled to insist upon this invalidity in a suit against him by the receiver based on a title derived solely from the order.

The defect in the order of appointment was not disclosed until near the close of the hearing, and complainant, after the disclosure, applied to the judge who made the order for discovery, who thereupon made an order dated May 24th, 1898, duly appointing complainant receiver. This order, under the statute, vests in complainant title to the choses in action or property in question, relating back to the time of the issue of the execution, and complainant, under leave, applied at the argument for leave to file a supplemental bill setting up title under this order. The case appeared to me, at the hearing of the application, to be one where such leave should be granted in order that the case might be disposed of on the merits, and the cases then referred to in opposition did not seem to decide adversely. I find, however, upon further examination, that the general rule is that if the complainant has no title or right to relief at the time of filing

the bill, a good title to relief subsequently acquired cannot be set up by way of supplement to the original bill. *2 Dan. Ch. Pr. (6th Am. ed.) *1516*, and note citing, *inter al.*, *Attorney-General* v. *Corporation of Avon, 3 De G. J. & S. (68 Eng. Ch.) 637 (1863)*. Lord-Justice Turner says (at *p. 650*) : " I take it to be a well-settled rule of the court that where there has been no title to sue at the time of the filing of an original bill or information, a decree cannot be founded upon a right of suit subsequently acquired and brought forward by a supplemental bill," and also (*Ibid.*), " the principle would seem to be this, that there must be a right of suit when a suit is commenced and a supplemental bill is not the commencement but the continuance of the suit." See, also, cases cited in *note 1, 68 Eng. Ch., supra.*

The sole title of complainant, in exclusion of any other person, to the judgment debtor's choses in action arose and was vested by the order of May 24th, 1898, subsequent to the commencement of the suit, and no decree in his favor based on this title can be rendered on a bill filed before he had any title. His remedy must be by the filing of an original bill.

The application to file supplemental bill must therefore be denied and the original bill must be dismissed. The dismissal will be without costs. Defendants, by demurring to the bill for failure to disclose the petition and order of discovery, which were the foundation of complainant's title, might have raised the question at an early stage of the cause, and before the expense of a hearing was incurred.