Guild v. Damon, 186 N. Y. 360, 78 N. E. 1081, the headnote in part reads:

"A plaintiff is not precluded from contesting a counterclaim by a failure to serve a reply, unless the counterclaim is distinctly named and pleaded as such in the answer."

[3, 4] This counterclaim was not so named, and was not specifically pleaded as such in this answer; and within this authority the plaintiff had, therefore, the right to contest the defendant's claim thereunder. The authorities are not entirely in harmony upon this question. In McCrea v. Hopper, 35 App. Div. 572, 55 N. Y. Supp. 136, it is distinctly held that a counterclaim need not be named as such, and, if affirmative judgment is demanded, that the counterclaim is thus designated, and the failure to reply binds the plaintiff to the truth of allegations of fact therein. This case was affirmed by the Court of Appeals upon the opinion of Justice Barrett in the court below, in 165 N. Y. 633, 59 N. E. 1125. Other cases have been decided upon the authority of this case. The latest decision, however, is the case of American Guild. v. Damon, cited supra, which seems to hold a contrary rule, and which must be deemed binding as the latest declaration of the law by the Court of Appeals. Another answer also might be urged to the defendant's contention. While, in the answer, it is alleged that there is due from the plaintiff the sum of $338.56, less the sum of $306 to be offset thereto, and that there is still due the sum of $32.56, with interest upon the same from the 1st day of January, 1910, this is a conclusion of law; and the facts alleged from which this conclusion must follow are stated in the second paragraph of the answer to be the agreement that the defendant was to pay the sum of one dollar a day for the use, "after deducting the sums necessary to put said boiler in repair *and to keep said boiler in repair.*" Under the agreement as thus alleged, the defendant could not claim for the payment of any sum in excess of the rental which accrued for his use of the boiler; and, notwithstanding the averment of legal conclusion in the answer upon the facts alleged, an offset only, and not a counterclaim, was shown. The defendant's contention, therefore, that the court erroneously overruled the defendant's objections to plaintiff's evidence is not well made. The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.

---

(153 App. Div. 409.)

VAN TUYL, Superintendent of Banks, v. NEW YORK REAL ESTATE SEC. CO. et al.

(Supreme Court, Appellate Division, Second Department.   November 27, 1912.)

1. STATUTES (§ 279*)—PLEADING—ACTION BY SUPERINTENDENT OF BANKS.
    Where the complaint, in an action by the Superintendent of Banks against a surety company on a bond and mortgage given to a trust company, alleged the making and delivery of the bond and mortgage, and that plaintiff took possession of the trust company and its assets, includ-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing such bond and mortgage, and default in payment, it stated a complete cause of action, under Banking Law (Consol. Laws 1909, c. 2) § 19, as amended by Laws 1910, c. 452, authorizing the Superintendent of Banks to sue for and collect debts due delinquent corporations; this law being general, and it not being necessary to plead its provisions.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 378; Dec. Dig. § 279.*]

2. BANKS AND BANKING (§ 317*)—ACTION FOR DEBT DUE DELINQUENT CORPORATIONS—PARTIES.

Under Banking Law (Consol. Laws 1909, c. 2) § 19, as amended by Laws 1910, c. 452, authorizing the Superintendent of Banks to sue in the name of a delinquent corporation for debts due such corporation, the Superintendent had no legal capacity to bring an action in his own name against a surety company on a bond and mortgage given to a delinquent trust company.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222; Dec. Dig. § 317.*]

3. PLEADING (§ 406*)—DEMURRER—WAIVER OF OBJECTION.

Where plaintiff's want of legal capacity to sue appeared on the face of the complaint, defendant's failure to demur thereto waived the defect, under Code Civ. Proc. § 499, providing that objections not properly made are waived.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355–1359, 1361–1365, 1367–1374, 1386; Dec. Dig. § 406.*]

4. PLEADING (§ 350*)—MOTION FOR JUDGMENT.

A motion for judgment on the pleadings, because the complaint did not state a cause of action, did not present the question of want of capacity to sue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

5. PARTIES (§ 95*)—AMENDMENT.

In an action by the Superintendent of Banks in his own name upon a bond and mortgage given to a delinquent corporation by a surety company, the plaintiff should have been permitted to have the summons and complaint amended so as to show that he sued in the name of the delinquent corporation.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 160–166; Dec. Dig. § 95.*]

6. PARTIES (§ 95*)—AMENDMENT NUNC PRO TUNC.

Where the summons and complaint are amended so as to show the plaintiff to sue in a representative capacity in the name of another, instead of in his own name, such amendment should not be made nunc pro tunc.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 160–166; Dec. Dig. § 95.*]

7. LIS PENDENS (§ 21*)—NOTICE—AMENDMENT—NEW NOTICE.

The notice of lis pendens cannot be amended so as to make it operate in its amended form as constructive notice to parties whose rights have accrued in the interval; but a new notice may be filed.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 32; Dec. Dig. § 21.*]

Rich and Hirschberg, JJ., dissenting.

Appeal from Special Term, Westchester County.

Action by George C. Van Tuyl, Jr., Superintendent of Banks, against the New York Real Estate Security Company and others. From an

order of the Special Term, defendant named appeals.  Order modified and affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

William D. Gaillard, of New York City, for appellant.

Frank M. Patterson, of New York City (George V. Smith, on the brief), for respondent.

BURR, J.  [1] We do not think that defendant is entitled to judgment on the pleadings.  If we concede the rule that, in the absence of statutory authority, or allegation and proof of an assignment, one who is not a party to a sealed instrument cannot maintain an action to enforce the covenants thereof, in this case there is such statutory authority, and it is sufficiently pleaded.

After alleging the giving of a bond by defendant to the Carnegie Trust Company, secured by a mortgage upon its property, the complaint further alleges:

"That on the 7th day of January, 1911, Orion H. Cheney, at that time Superintendent of Banks of the state of New York, took possession of the assets, property, and business of the defendant, Carnegie Trust Company, pursuant to section 19 of the Banking Law of the state of New York, and since said date the assets, property, and business of said defendant have remained in the custody of said banking department.  That on the 23d day of May, 1911, plaintiff was duly appointed Superintendent of Banks of the state of New York, and that he has duly qualified and is now acting as such, and, pursuant to said Banking Law of the state of New York, *is now in possession of the bond and mortgage hereinabove mentioned,* and of the assets and business of said defendant, Carnegie Trust Company, and is now collecting the debts due and owing thereon."

The Banking Law (Consol. Laws, c. 2 [Laws of 1909, c. 10], § 19, as amended by Laws of 1910, c. 452), provides that:

"Upon taking possession of the property and business of such corporation or individual banker the Superintendent is authorized *to collect moneys due to such corporation* or individual banker, and do such other acts as are necessary to conserve its assets and business, and shall proceed to liquidate the affairs thereof as hereinafter provided.  The *Superintendent shall collect all debts due and claims belonging to it.* * * * For the purpose of executing and performing any of the powers and duties hereby conferred upon him, *the Superintendent may, in the name of the delinquent corporation or individual banker, prosecute and defend any and all suits and other legal proceedings.*"

The Banking Law being a general law, it is not necessary to plead its provisions in order to set forth the powers and duties of the Superintendent of Banks, or a cause of action arising thereunder.  Having pleaded the making and delivery of this particular bond and mortgage, the taking possession of the trust company and its assets, including said bond and mortgage, and default in the payment thereof, a complete cause of action is set forth.

[2, 3] The difficulty with the pleading in its present form is that, although the statute expressly authorizes the Superintendent of Banks to maintain the action, it requires him to sue in the name of the delinquent corporation.  Alexander v. Union Surety & Guar. Co., 89 App.

Div. 3, 85 N. Y. Supp. 282. Its fault is not that it does not set forth a cause of action against the defendant New York Real Estate Security Company which the Superintendent of Banks may enforce, but that the latter has not legal capacity to maintain the action in his own name. Code of Civil Proc. § 488; Viburt v. Frost, 3 Abb. Prac. 120; same case, under title Hobart v. Frost, 5 Duer, 672. This defect appearing on the face of the complaint is waived by failure to demur. Code of Civil Proc. § 499.

[4] The only question which defendant raises by its motion for judgment on the pleadings is that the complaint does not state facts sufficient to constitute a cause of action. This does not present the question of want of capacity to sue. Palmer v. Roods, 116 App. Div. 66, 101 N. Y. Supp. 186; Fulton Fire Insurance Co. v. Baldwin, 37 N. Y. 648; Phœnix Bank v. Donnell, 40 N. Y. 410; Stone v. Groton Bridge & Mfg. Co., 77 Hun, 99, 28 N. Y. Supp. 446; Town of Pierrepont v. Lovelass, 4 Hun, 696, reversed on another point 72 N. Y. 211; Bank of Lowville v. Edwards, 11 How. Prac. 216.

[5] We think, also, that plaintiff's motion to amend the supplemental summons and amended complaint should have been granted, so that in said summons and complaint the title should be "Carnegie Trust Company, by George C. Van Tuyl, Jr., Superintendent of Banks of the State of New York." Code of Civil Proc. § 723; Dean v. Gilbert, 92 Hun, 427, 36 N. Y. Supp. 1004; Hulbert Bros. & Co. v. Hohman, 22 Misc. Rep. 248, 49 N. Y. Supp. 633; Kaplan v. New York Biscuit Co., 5 App. Div. 60, 38 N. Y. Supp. 1049; Spooner v. D., L. & W. R. R. Co., 115 N. Y. 22, 21 N. E. 696; Heckemann v. Young, 18 Abb. N. C. 196; Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, 10 Ann. Cas. 146. By this motion it is not sought to name a new party plaintiff; on the contrary, it is apparent that the cause of action is that of the Carnegie Trust Company. The Superintendent of Banks occupies to this delinquent corporation a position similar in some respects to that of the guardian ad litem of an infant plaintiff. If, in such case, the action is brought in the name of the guardian instead of the infant, an amendment will be allowed. Kaplan v. New York Biscuit Co., supra; Spooner v. D., L. & W. R. R. Co., supra. Dean v. Gilbert, supra, is directly in point. In that case the action was brought in the name of Isaac E. Dean, as president of the Ontario Improvement & Gas Company. It appeared from the complaint that this was a corporation. It was held that the summons and complaint should be amended, so that the name of the plaintiff should appear as the Ontario Improvement & Gas Company. As the court there said:

"The allowance of the amendment sought could be treated as a correction of the name of the plaintiff, rather than the substitution of an entirely distinct and different party from that named and referred to in the allegations of the complaint."

[6, 7] The amendment, however, should not be made nunc pro tunc; and there is no power to amend the notice of lis pendens so as to make it operate as constructive notice to parties whose rights may have ac-

crued in the interval. This relief is not needed, since a new notice of lis pendens may be filed.

The order should be modified in the respect indicated, and, as modified, affirmed, with $10 costs and disbursements.

THOMAS and WOODWARD, JJ., concur.   RICH, J., reads for reversal, with whom HIRSCHBERG, J., concurs.

RICH, J.   I dissent.   Section 19 of the Banking Law provides that "For the purpose of executing and performing any of the powers and duties hereby conferred upon him, the Superintendent may, in the name of the delinquent corporation or individual banker, prosecute and defend any and all suits and other legal proceedings," and the appellant contends that this section limits plaintiff's authority to the prosecution of this action in the name of the delinquent bank.

The action is upon a sealed instrument to which the plaintiff was not a party, and in the absence of statutory authority he could not maintain an action to enforce the covenants thereof.

No assignment is alleged and no statutory authority is pleaded. Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550; Alexander v. Union Surety & Guar. Co., 89 App. Div. 3, 85 N. Y. Supp. 282.   If the respondent, the Superintendent of Banks, stands in a similar position to a receiver of an insolvent corporation, as he contends, and in the absence of an express statute to the contrary may maintain an action to foreclose a mortgage owned by a bank under his supervision in his own name, the position of the plaintiff is not benefited because the provision of the Banking Law referred to requires that such actions be brought in the name of the bank, and limits the authority of the Superintendent accordingly.

It is claimed that the word "may" in the section is permissive, not mandatory, and does not affect the plaintiff's right to bring the action in his own name.   In this I think he is in error.   Alexander v. Union Surety & Guar. Co., supra.   The defect appearing upon the face of the complaint, it cannot be said to state a cause of action.   This court, in Prankard v. Cooley, 147 App. Div. 145, 132 N. Y. Supp. 289, affirmed the rule that "As the complaint shows that the plaintiff had not capacity to sue, it did not state facts sufficient to constitute a cause of action," and held that the objection could not be waived, even if not presented by demurrer or answer.

It follows, I think, that the motion for judgment upon the pleadings should have been granted.   The amendment was not authorized by law.   Pomeroy on Code Remedies, § 317; Doyle v. Carney, 190 N. Y. 386, 83 N. E. 37.

I vote to reverse the order, with $10 costs and disbursements, and to grant defendant's motion for judgment on the pleadings, with $10 costs.