·(89 App. Div. 3.)

### ALEXANDER v. UNION SURETY & GUARANTY CO.

'(Supreme Court, Appellate Division, First Department.   December 11, 1903.)

.1. BANKRUPTCY—TRUSTEES—BOND—BREACH—ACTIONS—PERSONS ENTITLED TO
SUE.
Under Bankrupt Act July 1, 1898, c. 541, § 50, subd. "h," 30 Stat. 558
[U. S. Comp. St. 1901, p. 3440], providing that bonds of trustees shall be
filed of record with the clerk of the United States District Court, and
may be sued on in the name of the United States for the use of any
person injured by a breach of their conditions, an action on the bond
of a defaulting trustee in bankruptcy cannot be brought in the name
of the succeeding trustee, notwithstanding Code Civ. Proc. § 449, requir-
ing actions to be brought in the name of the real party in interest.

·2. SAME—COURTS—JURISDICTION.
The Supreme Court of New York, being a court of general jurisdiction,
has jurisdiction of an action on the bond of a defaulting trustee in
bankruptcy.

·3. SAME—PERMISSION TO SUE.
Under Bankrupt Act July 1, 1898, c. 541, § 50, subd. "h," 30 Stat. 558
[U. S. Comp. St. 1901, p. 3440], authorizing suit for breach of the bond
of a trustee in bankruptcy to be brought in the name of the United
States for the use of any person injured by a breach of its conditions,
such suit may be brought in the name of the United States by a person
so injured, without leave first obtained.

4. SAME—DEFAULTING TRUSTEES—PARTIES.
Where, in an action on the bond of a defaulting trustee in bankruptcy,
it was alleged that such trustee was a fugitive from justice, he was not
a necessary party to the action.

Appeal from Special Term, New York County.

Action by Peter Alexander, as trustee in bankruptcy of William
R. Smith, against the Union Surety & Guaranty Company. From
.an interlocutory judgment overruling a demurrer to the complaint,
defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Wilson B. Brice, for appellant.
Alfred Epstein, for respondent.

McLAUGHLIN, J.   This action was brought to recover dam-
.ages for the breach of a bond given by a trustee in bankruptcy,
with the defendant as surety.   The complaint alleges, in substance,
that on the 25th of April, 1900, one William R. Smith, doing busi-
·ness under the name of Worthington Smith & Co., was duly ad-
judicated a bankrupt in the United States District Court for the
Southern District of New York, and William E. Hardt elected trus-
tee in bankruptcy of said bankrupt's estate; that Hardt qualified as
·such trustee by giving the bond required, with the defendant as
surety; the bond was under seal, in the penal sum of $150,000, and
ran to the United States of America; the condition of it was that
Hardt, as such trustee, would obey all orders which the court might
make in relation to the trust estate, faithfully account for all the
·goods, assets, and effects of the estate which might come into his
hands and possession, and in all respects faithfully perform all his
·official duties, in which event the obligation was to be void, other-

wise it was to remain in full force and effect; that there has been a violation of the condition of the bond, in that Hardt has converted to his own use property belonging to the estate of the bankrupt of the value of about $50,000, and has failed and neglected to account for the same, though directed by the court to do so; that he has absconded, and is now a fugitive from justice; that he has been removed as trustee by an order of the court, and the plaintiff appointed in his place; and that by reason of the foregoing facts plaintiff asks judgment that an account of the proceedings of said Hardt as trustee of said bankrupt's estate be had, that the bond be assigned to the plaintiff, and that whatever sum said Hardt as trustee would have been liable to pay, the defendant in this action be adjudged to pay, not exceeding the penalty of the bond. The defendant demurred to the complaint upon the grounds: (1) That the court has not jurisdiction of the subject of the action; (2) that the plaintiff has not the legal capacity to sue, inasmuch as he has not obtained leave to do so, nor brought the action in the name of the United States; (3) that there is a defect of parties defendant, in that Hardt should be a party; and (4) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant has appealed.

The principal question presented upon the appeal is whether an action can be maintained for the breach of a condition of the bond in any other manner than therein provided, viz., in the name of the United States. Subdivision "h" of section 50 of the Bankrupt Act (Act July 1, 1898, 30 Stat. 558 [U. S. Comp. St. 1901, p. 3440)] provides that:

"Bonds of referees, trustees and designated depositories shall be filed of record in the office of the clerk of the court and may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions."

From this provision it would seem that any action brought to recover for a breach of the condition of the bond must be brought as therein provided, viz., in the name of the United States. The bond is under seal, and the United States is the obligee named therein. At common law an action on a bond under seal must be brought in the name of the obligee, irrespective of the owner (Baggott v. Boulger, 2 Duer, 160), and this is still the rule in this state, except where the same has been modified by statute (Fuller v. Fullerton, 14 Barb. 59; Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550), notwithstanding the provision of the Code of Civil Procedure (section 449) which requires that the action shall be brought in the name of the real party in interest. The authorities cited to the contrary are not in point. In each of these it will be found upon an examination that the right to bring the action in a name other than the obligee is by reason of some statute permitting it to be thus brought. Here, there is no such statute; on the contrary, the one which authorizes the giving of the bond specifically provides that an action to enforce its provision may be brought in the name of the United States. We have no doubt the action can be maintained in a state court, but only in the name of the United States. It permits its name to be used for

this purpose. The Supreme Court of this state, having general jurisdiction both at law and in equity, has therefore, as it seems to us, jurisdiction of the subject-matter. Bischoff v. Engel, 10 App. Div. 241, 41 N. Y. Supp. 815.

Nor do we think it is necessary that permission be obtained to bring an action before one can be maintained under this statute, provided it be brought in the name of the United States. The statute in express terms permits an action to be brought, and this precludes the idea that leave must first be obtained. If, however, the action could be brought in a name other than that of the United States—which we do not think it could—then permission would have to be obtained. The general rule is that, in the absence of a statute permitting it, an action can be brought on a bond by one not named as obligee therein only when authorized by the court to do so (Annett v. Kerr, 28 How. Prac. 326), and this fact must be alleged in the complaint and proved on the trial. It is a part of the cause of action. Nor has this rule been changed in any way by the Code of Civil Procedure. Thus, section 1888 provides that a person injured by the default, delinquency, or misconduct of a public officer may apply for leave to prosecute the delinquent's official bonds, and section 1890 provides that receivers, assignees of insolvent debtors, and trustees and other officers appointed by the court or judge are public officers within the meaning of section 1888. It might well be questioned whether the trustee of a bankrupt's estate is an officer within the meaning of the above section, but it is clear that if he is, then he comes within the provisions of such sections, and leave to prosecute the bond must be obtained before the action is commenced.

Finally, it is urged that there is a defect of parties defendant, in that the defaulting trustee has not been made a party defendant. A sufficient answer to this suggestion is that it appears that the defaulting trustee is not within the state, but is a fugitive from justice. Under the circumstances, he is a proper but not a necessary party. Otto v. Van Riper, 164 N. Y. 536, 58 N. E. 643.

The judgment appealed from, therefore, must be reversed, with costs, and the demurrer sustained, with costs. All concur.