UNITED STATES, for Use of THROCKMORTON, v. RUGGLES et al.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1915.)

No. 2755.

BANKRUPTCY ⊚⟶439—ACTION ON BOND OF TRUSTEE—MODE OF REVIEW—"PROCEEDING IN BANKRUPTCY."

An action on the bond of a trustee in bankruptcy, brought under Bankr. Act July 1, 1898, c. 541, § 50h, 30 Stat. 558 (Comp. St. 1913, § 9634), is not "a proceeding in bankruptcy," but a plenary action, and the judgment therein is not reviewable by petition to revise, under section 24b.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⊚⟶439.

For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceedings.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Revise an Order of the District Court of the United States for the Southern District of Ohio; Sater, Judge.

Action at law by the United States, for the use of Margaret Alice Throckmorton, against Samuel T. Ruggles and others. Judgment for defendants, sustaining demurrer, and plaintiff brings petition to revise. Dismissed.

John I. Throckmorton, of Clarksburg, Ohio, for petitioner.
Wilby G. Hyde, of Chillicothe, Ohio, for defendants.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This is a suit upon the bond of a trustee in bankruptcy, given under section 50b of the Bankruptcy Act. The Dis-

trict Court sustained a demurrer to plaintiff's petition, dismissed the same, and denied plaintiff's petition for rehearing. Plaintiff seeks to review this action by petition to revise, under section 24b of the Bankruptcy Act.

The petition to revise must be dismissed. Section 24b of the Bankruptcy Act relates only to proceedings in bankruptcy, as distinguished from controversies arising in bankruptcy and from plenary suits. Coder v. Arts, 213 U. S. 223, 233, 235, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; In re Loving, 224 U. S. 183, 188, 32 Sup. Ct. 446, 56 L. Ed. 725; In re Mueller (C. C. A. 6) 135 Fed. 711, 715, 68 C. C. A. 349; Barnes v. Pampel (C. C. A. 6) 192 Fed. 525, 527, 113 C. C. A. 81. This suit upon the trustee's bond is not a proceeding in bankruptcy. The statute expressly provides that it must be brought within two years after the estate is closed (Bankruptcy Act, § 50m), thus negativing the idea that the suit is a proceeding in bankruptcy, notwithstanding the authority of the bankruptcy court under section 2(12) to reinstate cases.

The suit appears to be the ordinary action at law upon the trustee's bond which, by section 50h of the Bankruptcy Act, must be brought in the name of the United States for the use of the person injured by breach of its condition. Such an action is a plenary suit. Scofield v. U. S. (C. C. A. 6) 174 Fed. 1, 4, 98 C. C. A. 39. It has been held that it could be brought in the state court as well as in the federal court. Alexander v. Union Surety & Guaranty Co., 11 Am. Bankr. Rep. 32, 89 App. Div. 3, 85 N. Y. Supp. 282. But, whether so or not, it is clearly not a proceeding in bankruptcy.

The petition to revise must be dismissed.