## SMITH v. PENNSYLVANIA R. CO.

### (Circuit Court of Appeals, Second Circuit. January 12, 1917.)

### No. 114.

1. MASTER AND SERVANT ⟐285(7)—INJURIES TO SERVANT—PRESUMPTIONS—RES IPSA LOQUITUR.

Plaintiff, a brakeman in defendant's employ, while walking between two tracks to reach the cars on which he was working, was passed by another train and struck and injured by some object which he thought felt like iron. There was no showing that anything projected from the passing train, although it was contended that firemen frequently allowed hooks used in raking the fire to extend over the side, and that under the doctrine of res ipsa loquitur the burden of explaining the injury was upon defendant. *Held* that, as the presumption which the jury may make cannot serve as the foundation for another presumption, and as trains frequently catch and throw heavy objects which may injure those in proximity, plaintiff's showing was not enough to take the case to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1016; Dec. Dig. ⟐285(7).]

2. NEGLIGENCE ⟐121(2)—PRESUMPTIONS—RES IPSA LOQUITUR.

Before a defendant is called upon to explain how an injury is received, there must be facts showing a surrounding situation which in ordinary course would not permit or produce injury, and that something under defendant's control did inflict the injury; the doctrine of res ipsa loquitur not converting the general issue into an affirmative defense.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 218, 225, 271; Dec. Dig. ⟐121(2).]

3. EVIDENCE ⟐54—PRESUMPTIONS—BASIS.

While the jury may in some cases presume the existence of a fact from other facts, no presumption can be based on that presumption which the jury is authorized to make.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 74; Dec. Dig. ⟐54.]

In Error to the District Court of the United States for the Western District of New York.

Action by Roy W. Smith against the Pennsylvania Railroad Company. There was a judgment dismissing the complaint at the close of plaintiff's case, and he brings error. Affirmed.

Kellogg & Baker, of Buffalo, N. Y. (Francis F. Baker, of Buffalo, N. Y., of counsel), for plaintiff in error.

Rumsey & Adams, of Buffalo, N. Y. (H. J. Adams, of Buffalo, N. Y., of counsel), for defendant in error.

Before WARD, ROGERS and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. Plaintiff was a brakeman in defendant's employ, and while walking between two tracks, in order to reach the cars on which he was working, was passed by a Pennsylvania train running on one of the tracks. At this time he received injuries, and brings this action to recover damages therefor.

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The complaint alleges that, while plaintiff was proceeding along the roadbed as above stated, he was "struck by a piece of iron which was negligently and carelessly allowed to project out beyond the side of a passing car or engine" of the moving train aforesaid. No one did, or apparently could, testify to the occurrences immediately before injury, except Smith himself. The substance of his evidence is that as the train went by, he being distant from it less than 4 feet, something hard hit him on the head; he did not know what it was, though he thought it "felt, like iron."

Testimony was offered tending to show that firemen of locomotives use an iron hook about 10 feet long wherewith to rake the engine fire, and that after so raking and getting the end of the tool hot, they swing it outboard—i. e., over the side—in order to get it back into the body of the tender, where it lies when not in use. There was no evidence that this had occurred on the passing train. The action is at common law, no statute is invoked by either side. The trial court held that there was no proof of negligence, and dismissed complaint accordingly.

Plaintiff now contends that it was for the jury to say whether the rake hook was swung out on the train near which he was injured, and also whether he was hit by such hook; there being no suggestion of any other possible projection that could have injured him.

[1-3] In the confessed absence of any positive or direct evidence as to how Smith was injured, or what hit him, the principle of res ipsa loquitur is relied on. This doctrine is stated in San Juan, etc., Co. v. Requena, 224 U. S. 89, 32 Sup. Ct. 399, 56 L. Ed. 680, and Sweeny v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, Ann Cas. 1914D, 905, where it is pointed out that, however applicable it may be, in no case is the general issue converted into an affirmative defense; and this is true, though the burden of explanation may rest on the defendant. Kraljer v. Snare, etc., Co., 221 Fed. 256, 137 C. C. A. 108. Before, however, any defendant is called upon to explain how (e. g.) an injury was received, there must be facts proved affirmatively showing a surrounding situation which in ordinary course would not permit or produce injury, and also that something under defendant's control did notwithstanding inflict the injury complained of. With proof in this shape, the jury may infer negligence from the occurrence of injury.

The plaintiff's difficulty in this case is that there is no proof that any definitely indicated thing wrought the injury, nor that the circumstances rendering it possible for the injuring thing suggested (i. e., the rake hook) to reach or touch him existed at the time and place of damage. A jury may in some cases presume the existence of a fact from the existence of other facts which have been proved; but the presumed fact must have an immediate connection with the established facts from which it is inferred. Manning v. Insurance Co., 100 U. S. 697, 25 L. Ed. 761. But a presumption which the jury is to make is not a circumstance in proof, and is not, therefore, a legitimate foundation for a presumption. The circumstances must be proved, and not themselves be presumed. United States v. Ross, 92 U. S. 284, 23 L. Ed. 707. And, generally speaking, there cannot be a verdict based on inferences

from inferences;. "one presumption cannot be built on another." Looney v. Metropolitan, etc., Co., 200 U. S. at 488, 26 Sup. Ct. 303, 50 L. Ed. 564.

Applying the foregoing: All that was shown below might justify an inference, from the habit of some firemen, somewhere, to swing rake hooks, that the fireman on the train passing Smith then and there did so; from which the further inference must be drawn that the hard substance which struck Smith was the rake hook so swung. This is inadmissible under the rules above referred to, and unreasonable in view of the one admitted fact in this case, viz. that Smith was walking or standing in a place where common knowledge teaches that objects quite heavy and hard enough to injure a man's face or head are caught up and thrown by rapidly passing trains.

The very earnest argument for plaintiff on this writ relies upon authorities whereof Fordham v. Gouverneur Village, 160 N. Y. 541, 55 N. E. 290, is a good example. The plaintiff's decedent there died of injuries received in falling on a bridge to which changes were being made. She was found fatally hurt near a plank nailed over a hole in the bridge walk, producing an unaccustomed irregularity or unevenness in the public highway. This temporary cover was not revealed by any lighting, and the injury was received at night. The jury was permitted to infer, from the circumstances shown, that death was caused by tripping on the plank. This case perfectly exhibits the difference between an inference from established facts and the inference from an inference urged upon us in this cause.

The dismissal complained of was right, and the judgment is affirmed.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes .
*Rehearing denied March 19, 1917.