NEW YORK CENT. R. CO. v. GAPINSKI.

(Circuit Court of Appeals, Second Circuit. January 16, 1918.)

No. 103.

MASTER AND SERVANT ☞285(7)—EVIDENCE—PRESUMPTIONS—JURY QUESTION.
   Where railroad employé was injured, while bending over, inserting stuffing and grease in journal boxes of cars, and there was testimony that at the time of the injury cars were sent down the adjoining track with doors hanging or sticking out, the question whether he was struck by such an obstruction was properly submitted to the jury, and a verdict for plaintiff could not be attacked on the theory that presumption was built upon presumption.

In Error to the District Court of the United States for the Southern District of New York.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Alexander Gapinski against the New York Central Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Gapinski was a laborer in the employ of the railroad company and at the time of injury was engaged in examining and greasing the journal boxes of freight cars. His occupation required him to stoop over while removing and inserting the "stuffing" and grease in said journal boxes. He complained of having been struck and injured by some projecting object upon a car, one of several or many sent down upon the track on which, or alongside of which, he was working.

There was direct evidence that many of the cars lying at rest upon and sent down on said track were "crippled"; i. e. cars "with doors hanging out; * * * some were sticking out from cars that were broken." Gapinski testified that he did not know what hit him, because when he was struck he was "half stooping and * * * leaning over and working."

The testimony regarding crippled cars was denied, and the trial judge sent the case to the jury, to ascertain whether "there was any projection sufficient to hit a man who was at work" in the manner testified to by Gapinski himself. Plaintiff below had a verdict. The railroad company took this writ; the assignments of error substantially challenging the action of the trial court in refusing to dismiss or direct a verdict at the close of the whole case.

Alex. S. Lyman, of New York City (Robert A. Kutschbock and Martin Gilligan, both of New York City, of counsel), for plaintiff in error.

Charles P. Sullivan, of New York City (Lowen E. Ginn and Thomas F. O'Sullivan, both of New York City, of counsel), for defendant in error.

Before WARD, ROGERS and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). It is we think sufficient to dispose of this writ to refer to Smith v. Pennsylvania R. R. Co., 239 Fed. 103, 151 C. C. A. 277. We there pointed out that, where there was no proof that any definitely indicated thing wrought the injury complained of, nor "that the circumstances rendering it possible for the injuring thing suggested [by plaintiff] to reach or touch [plaintiff] existed at the time and place of damage," any verdict resting on such evidence, or lack of it, would be building one presumption upon another.

In that case the suggested instrument of injury was the swinging rake hook of a passing locomotive. In this case the suggested cause of plaintiff's hurt is a door hanging or projecting below the car body to which it belonged. But in the Smith Case there was no evidence whatever that any rake hook was projecting at the time when and place where plaintiff was injured. In this case there is direct evidence that not one, but several, if not many, cars having such unusual and dangerous projections were moving upon the track alongside of which the plaintiff here was required to work.

If the jury believed (as it did) this positive testimony of moving crippled cars, it was within their province to draw the inference that such proven projection did the hurt. In the Smith Case there was no proven projection. We think the case cited and the present one (considered together) perfectly illustrate the difference between a legiti-

mate presumption from proven facts, and an attempted and unlawful presumption from another presumption.

Judgment affirmed, with costs.