**HOLLOWAY et al. v. SKELLY OIL CO.**

No. 3561.

District Court, W. D. Missouri, W. D.
Oct. 23, 1946.

Ira B. Burns and Chet D. Vance, both of Kansas City, Mo., for plaintiff.

C. A. Randolph, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The nature of the motion requires an examination of an amended petition filed by plaintiffs. In substance, the plaintiffs aver that the defendant, being engaged in manufacturing and distributing a product known as "Skelgas," a highly inflammable and explosive agent, sold to them tanks or drums of said gas to be attached or connected with a distribution system in their residence, and particularly to the lower floor thereof. Prior to the damages alleged to have been sustained by them, said distribution system had leaked and the gas tanks previously supplied by the defendant had become empty. These circumstances caused the plaintiffs to notify the defendant of the leak and the escape of gas, and they accompanied said notice with the request, "that the defendant send their (its) mechanics or workmen to plaintiffs' house to discover and repair the leak or escape of gas into their house and to furnish them a new tank or supply of 'Skelgas.'"

It is then averred by the plaintiffs that the defendant, acting upon said notice and request, "did send workmen and employees to their premises for the purpose of discovering and repairing the leak and to furish and connect a new tank of gas to plaintiffs' distribution system for use."

The inspection and repairs, it is alleged, were made on January 29, 1945. The leak was discovered and repaired by the defendant's mechanics and a new gas tank was furnished and connected by defendant. At that time, it is alleged, the plaintiffs were informed by the employees of the defendant, "that the said gas leak had been discovered and repaired and that the gas distribution system was now safe for use by the plaintiffs."

Plaintiffs aver that a fire "occurred about one hour after defendant's employees had overhauled said gas distribution system." There was an averment, "that no one had touched or interfered or in any way changed or altered any of the Skelgas distribution system after the defendant's employees had investigated same." There is a further averment that the distribution system was designed and installed by the defendant "in accordance with its own designs and plans and desires, and that the plaintiffs had nothing whatever to do with the installation or arrangement of said distribution system or gas tank." The complaint then asserts that damages from a fire accrued to the plaintiffs, in this, that "the plaintiffs' clothing, house and furniture was destroyed by fire originating within plaintiffs' house, because of the negligence of the defendant as hereinafter set out and that because thereof plaintiffs lost the said house of a reasonable value of $7,500.00 and all the furniture, furnishings, clothes, personal possessions and fixtures therein of a reasonable value of $6,000.00."

Plaintiffs' inserted a paragraph in their complaint which undertook to set forth the deadly and dangerous character of the gas furnished by the defendant, and its duty to "exercise the degree of care commensurate with its deadly and dangerous character to discover and repair the leak or the cause for the escaping gas or to shut off the flow of gas and to warn the plaintiffs of the danger of using same."

By the 9th paragraph of the complaint the plaintiffs stated the negligence of which they complain as follows:

"9. Plaintiffs state that the said fire would not have occurred except for the negligence of the defendant and its employees in failing to control the distribution and delivery of Skelgas from defendant's tank into plaintiffs' distribution system and appliances, as the defendant knew, or with the exercise of the proper degree of care should have known that gas in dangerous quantities was escaping into plaintiffs' house and accumulating therein and that as a direct result of the negligence of the defendant, plaintiffs' house and furniture, furnishings, clothing and other personal property in the house were burned and destroyed, all to plaintiffs' damage in the sum of $13,500.00."

It is obvious from the foregoing averments that the plaintiffs seek recovery upon the doctrine res ipsa loquitur. The sufficiency of the complaint in the light of that familiar doctrine will be discussed.

1. At the outset it should be pointed out that while the application of the doctrine res ipsa loquitur is considered to be in the aid of the fair administration of justice, yet it is a doctrine of limited and restricted scope ordinarily to be applied sparingly and with caution, and then only in peculiar and exceptional cases, and, moreover, only where the facts and demands of justice make the application essential. 45 C.J., § 771, p. 1200. And, in cases of this character, it is only applied when the defendant controls the agency or instrumentality causing the damage.

2. It is the rule of universal acceptance that "the application of the doctrine should be confined to cases where an *instrumentality is known to have done a certain thing and a presumption therefrom that it was negligently kept*." And in no case can the doctrine "be invoked *to prove* the fact that an instrumentality did in actuality do any particular thing." 20 R.C.L. Section 156, p. 187.

In Smith v. Pennsylvania R. Co., 239 F. 103, 104, the Court of Appeals, Second Cir-

cuit, said in respect of a res ipsa loquitur case,

"The plaintiff's difficulty in this case is that there is no proof that any definitely indicated thing wrought the injury, nor that the circumstances rendering it possible for the injuring thing suggested (i. e., the rake hook) to reach or touch him existed at the time and place of damage. A jury may in some cases presume the existence of a fact from the existence of other facts which have been proved; but the presumed fact must have an immediate connection with the established facts from which it is inferred."

In this case the question whether the fire was occasioned by a leak in the distribution system or from the gas tank is wholly speculative and conjectural. The fire may have been occasioned from many things other than an accumulation of gas. Moreover, there are no averments that there was a leak of inflammable gas, and that, as a result thereof, the fire ensued. In the case of Bonner v. Texas Co., 5 Cir., 89 F.2d 291, loc. cit. 294, the court expressed an applicable principle when it said:

"When there is no direct evidence, and the proven circumstances are consistent with either of two theories, and there is nothing to show that one rather than the other is correct, neither is proven."

Whether there was a leak in the gas tank or distribution system, or whether the fire was occasioned by such leak, is speculative and conjectural.

The doctrine res ipsa loquitur can only be invoked where the instrumentality controlled by the defendant inflicted damage upon plaintiff and then only may the inference or presumption be indulged that the defendant must have been negligent or else the injury or damage would not have occurred. No speculation will be permitted whether in fact injury or damage was inflicted by the instrumentality under the control of defendant but this must be alleged as a fact so as to·lay the foundation for a presumption of negligence.

3. The averments of the complaint in substance charge that the defendant undertook to inspect the gas distribution at plaintiffs' house and to make repairs of any leaks that might exist or be discovered. If this was its undertaking, then it owed to the plaintiffs the duty to make an efficient inspection. Moreover, it owed the duty to correct or to repair all leaks, and, if it failed in the performance of that duty, then it would be liable for damages that might ensue because of such failure without regard to the doctrine res ipsa loquitur. There is no averment in the complaint that there was in fact a leak in the gas apparatus, nor is there any averment that the fire was occasioned by a leak, if one existed. Apparently the plaintiffs rely on the presumption that since there was an instrumentality, and since the defendant, in a measure, had control of it, and since there had been a previous leakage, and now, in the face of a destructive fire, it must have been the instrumentality controlled by the defendant that caused the fire. Such presumptions cannot be employed to state a cause of action even in a res ipsa loquitur case.

If the defendant undertook to repair the distribution system and failed to do it efficiently and by reason thereof gas escaped and the house became ignited, then the plaintiffs have a cause af action. But, absent an averment that the house burned from escaping gas which became ignited, no cause of action is stated.

4. The averments of the complaint would indicate that the plaintiffs have sustained damages and heavy losses. It may be inferred from the complaint that they can attribute their loss to the escape of gas from a distribution system which the defendant undertook to repair and put in a safe condition, but failed. It would not be proper, therefore, to dismiss the complaint, but to require the plaintiffs to make a more specific statement of their claimed cause of action. Such an order will be made and the motion will be sustained to that extent, and other points overruled.